FAULKNER, Justice.
This is an appeal from a jury verdict and judgment awarding Cooper Real Estate $42,000.00 commission. We affirm.
Aaron Childress, in 1979 (the date is uncertain), signed a listing agreement with Cooper Real Estate providing that it under *287 take to sell certain real estate in Baldwin County for $420,000.00. An agent of Cooper found a purchaser willing to buy the property for that amount. He submitted a written offer through Cooper where the amount stated was $320,000.00. But, all parties — the sellers, the purchaser, Chil-dres’s attorney, and the agent were aware of the fact that the purchase price was $420,000.00 not $320,000.00. Childress wanted $100,000.00 paid in cash to him when he delivered the deed. He did not want the additional $100,000.00 to show on the sales contract because of income taxes. Additionally, he needed the cash to support his family and his invalid son.
The written offer witnessed by his lawyer was accepted by Childress. When he accepted the offer, he, at that time, agreed to pay Cooper Real Estate $42,000.00 commission. Following the sales negotiation, Davis (the purchaser) arranged for partial financing through the Federal Land Bank. A warranty deed, conveying the property to Davis, drafted by Davis’s lawyer was signed by Childress. The date shown in the deed was June 1, 1979.
Before closing the sale, Cooper discovered that a court ordered lien had been placed against the Childress property before the offer and acceptance. Cooper undertook to assist Childress in removing the lien. By this time, Childress had decided not to complete the sale. Following an unsuccessful attempt to get Childress to perform, Cooper Real Estate filed suit for its commission. Childress defended on the ground that the contract was illegal and void on its face, principally because of the $100,000.00 cash payment, and because all parties knew about the lien, and the sale was dependent upon its release. The trial result was a verdict and judgment in favor of Cooper Real Estate, and against Childress.
Childress appeals on the grounds that the trial judge erred when he refused to give the following written requested charges:
Charge No. 1
It is against the law of the State of Alabama for a real estate broker to make any substantial misrepresentations or to pursue a continued flagrant course of misrepresentation through agents or salesmen.
Charge No. 2
The law will not lend its aid to a party who has been guilty of illegal conduct directly connected with the subject matter of the litigation. This doctrine is known as the “clean hands” doctrine. Charge No. 3
A party who has violated the law does not come into court with clean hands if the violation is directly connected with the subject matter of the litigation. If you are reasonably satisfied from the evidence that the Plaintiff violated the law of the State of Alabama by misrepresenting the purchase price of the property which was to be sold by the Defendant, then your verdict must be for the Defendant.
Charge No. 4
If you are reasonably satisfied from the evidence that the Plaintiff misrepresented the purchase price in the agreement between the Defendant and the purchaser and if you are further reasonably satisfied from the evidence that the Plaintiff misrepresented the purchase price to Judge Wilson Hayes, then the Plaintiff has entered this Court with unclean hands and your verdict must be for the Defendant.
Charge No. 5
A real estate broker is not entitled to a commission for procuring a purchaser when it is shown that the intended purchaser declined to complete the contract, without fault or negligence on the part of the intended seller, on account of a supposed defect of title.
Charge No. 6
If you are reasonably satisfied from the evidence that the sales agreement entered into between the defendant and W. C. Davis was conditioned upon the removal of the lien placed upon the Defendant’s property by the Circuit Court of Baldwin County, and if you are reasonably satisfied that the sale was not finalized because said lien remained against the prop *288 erty, then your verdict must be for the Defendant.
Charge No. 7
If you are reasonably satisfied from the evidence that the Plaintiff had knowledge of the lien placed on the Defendant's property by the Circuit Court of Baldwin County and that the Plaintiff obtained such knowledge prior to the date of the sales agreement between the Defendant and the intended purchaser and if you are further satisfied that the sale was not consummated because said lien caused Defendant to have an unmer-chantable title, then the Plaintiff cannot recover from the Defendant.
Rule 51, ARCP, provides that “[n]o party may assign as error the giving or failing to give a written instruction ... unless he objects thereto before the jury retires to consider its verdict, stating the matter to which he objects and the grounds of his objection.” To the court’s refusal of Charge No. 1, Childress stated that, “We feel that it is the law of the State of Alabama, and that it applies directly to this case.” To Charges 2, 3, and 4, his objection was that they related to the equitable defense of the clean hands doctrine, “which is the law in the State of Alabama.” To Charges 5, 6, and 7, he objected by stating, “These are correct statements of the law in the State of Alabama.” We hold that these objections are general, and they do not comply with the provisions of Rule 51. The trial judge properly refused to give these charges.
AFFIRMED.
TORBERT, C. J., and EMBRY and ADAMS, JJ., concur.
ALMON, J., concurs in the result.